

**McDermott Will&Emery**

FILED'10 FEB 05 15:01USDC-ORP

Boston Brussels Chicago Düsseldorf Houston London Los Angeles Miami Milan
Munich New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Joel M. Freed
Attorney at Law
jfreed@mwe.com
+1 202 756 8080

February 2, 2010

**By email: dawn_stephens@ord.uscourts.gov**

Hon. Michael W. Mosman
U.S. District Court
1000 SW 3rd Avenue, Suite 1615
Portland, OR 97204

**Re:    Odom v. Autodesk (CV 3:09-236-MO)**

Your Honor:

Autodesk submits this letter with reference to Plaintiff Gary Odom's letters to the Court dated January 27 and February 01, 2010. For the reasons identified by Microsoft in its January 29, 2010 letter Autodesk objects to dismissing Mr. Odom's case against Autodesk without prejudice. While the Autodesk case is in a somewhat different procedural posture than the Microsoft litigation, Autodesk submits that the question of dismissal is essentially the same.

If the actions are not dismissed, Autodesk continues its position that the Autodesk action should proceed with a schedule trailing behind that of the Microsoft action. But if the Court does dismiss the Autodesk action, Autodesk submits that such dismissal should be with prejudice.

In his most recent letter, Mr. Odom indicates a willingness to accept certain conditions if the Court were to dismiss his cases without prejudice. Autodesk offers the following regarding Mr. Odom's objections to the conditions proposed by Microsoft:

> First, it would be unfair to dismiss Mr. Odom's case based on his request now, while still permitting him to threaten Autodesk with allegations of willfulness or future requests for injunctive relief should he decide to bring this same case again later. Mr. Odom provides no sufficient reason why he should be entitled to the extraordinary privilege of delaying resolution of his claim and then later claiming irreparable harm, and no sufficient reason why he should be entitled to call Autodesk a willful infringer for continuing to do business while he elects to not pursue his claim.

> Second, "related patents" is a well-known term frequently used by patent lawyers to refer to a family of patents connected with each other through a claim of priority or a common specification (*e.g.*, parent, divisional, and/or continuation patents). If Mr. Odom's case is

U.S. practice conducted through McDermott Will & Emery LLP.

600 Thirteenth Street, N.W. Washington D.C. 20005-3096  Telephone: +1 202 756 8000  Facsimile: +1 202 756 8087  www.mwe.com

Hon. Michael W. Mosman
February 2, 2010
Page 2

dismissed without prejudice, all of the conditions imposed on that dismissal should apply to any such related patents since all such patents necessarily disclose the same invention.

Third, regarding a conditional award of defendants' costs, Mr. Odom is wrong on the law. Fed.R.Civ.P. 41(d) expressly provides that a party may recover its costs from a prior suit at the <u>outset</u> of subsequent litigation, and does not require that party to first prevail. The Rule expressly permits a Court to stay the second action until those costs are paid. Microsoft's proposal for a conditional award of costs captures what the Rule contemplates, and also gives Mr. Odom certainty in what to expect if he decides to bring the case again.

Respectfully,

Joel M. Freed

cc:      Mr. Gary Odom (by email)
         Mr. Joseph Micallef (by email)
         Mr. Matthew Bathon (by email)
         Mr. William Birdwell (by email)
         Mr. Robert Newell (by email)